## DEXTER H. BALDWIN *vs.* THOMAS WHITTIER.

A writ, unlawfully sued out in the name of another by the defendant, and irregularly served by his procurement, can afford him no protection in taking the property of another under color thereof.

It is no part of the duty, nor is it within the power of an overseer of the poor to bring an action of replevin for property alleged to belong to the town.

A writ of replevin cannot be legally served before the plaintiff has given such bond to prosecute the action as the statute requires.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

Trover to recover the value of a cow. With the general issue the defendant filed a brief statement, justifying the taking by an officer, whose servant the defendant was, by virtue of a writ of replevin sued out by the town of *Rome* against the plaintiff. The plaintiff proved, that he owned the cow when the writ was sued out, and his possession of her, and that the defendant was with the officer, and assisted in taking the cow. The writ of replevin was returnable before a Justice of the Peace, and the bond returned with it named the town of *Rome*, as principals, and *J. S. Whittier*, as surety, and was signed by " *Job N. Tuttle, Thomas Whittier*, Overseers of the Poor of said town," with one seal, and by *J. S.*

*Whittier*, with a seal. The writ was sued out by the direction of the defendant, who neither proved nor pretended any authority, except from the fact of his being an overseer, prior to the suit, but the town afterwards paid his expenses in going for the writ. The defendant proved, that on the day before the writ was returnable, the plaintiff paid the costs of the suit, and agreed to relinquish his right to the cow, and the cow was delivered by the officer to the defendant, claiming to act as an overseer, and he delivered her to a pauper of the town, to be by him used for his benefit, who soon after killed her. The plaintiff introduced evidence to show, that at the time he settled the action, and paid the costs, the defendant and other officers of that town falsely represented to him, that the town held a perfect title to the cow, acquired prior to that of the plaintiff. The counsel for the defendant requested the Court to instruct the jury, that the action could not be maintained. The instruction given was, that if they were satisfied, that the defendant by his false representations had deceived the plaintiff, and had thereby induced him to make the settlement, he ought not, and in law would not be bound by it, so as to be precluded from recovering in this action ; and that if such were the case, the plaintiff had a right to recover of the defendant the value of the cow. The defendant excepted to the instructions.

*D. Williams*, for the defendant, contended, that the writ was a complete justification of the officer, and of the defendant acting as his servant. He had authority as overseer to sue out the writ, and whether he had or not, his acts were afterwards ratified by the town. There was no conversion by the defendant, as he merely received the cow from the officer as the servant of the town, and passed her to another person. *Sanford* v. *Nichols*, 13 *Mass. R.* 286 ; *Stetson* v. *Kempton*, ib. 272 ; *Haskell* v. *Sumner*, 1 *Pick.* 459 ; 3 *Stark. Ev.* 1496.

*May*, for the plaintiff, contended, that the defendant, as overseer of the poor, had no authority to bring an action of replevin, and that the process was no protection to him. *Stat.* 1821, c. 114, sec. 7 ; 5 *Conn. R.* 367. If the overseers had the power, it could only be exercised by the majority. *Cram* v. *Pro. Bangor House*, 3 *Fairf.* 354 ; *Trott* v. *Warren*, 2 *Fairf.* 227. The writ was

void, because there was no bond according to the statute. *Cady* v. *Eggleston,* 11 *Mass. R.* 282; *Rathbone* v. *Rathbone,* 5 *Pick.* 222; *Morse* v. *Hodsdon,* 5 *Mass. R.* 314. The town was not bound by the bond, and it was therefore invalid. *Damon* v. *Granby,* 2 *Pick.* 345; *Stetson* v. *Patten,* 2 *Greenl.* 358. As the writ was settled and never entered, the consequences are the same as if it had never been made. *Hayden* v. *Shed,* 11 *Mass. R.* 500; *Nelson* v. *Merriam,* 4 *Pick.* 249; *Smith* v. *Snyder,* 15 *Wend.* 324. The taking of the cow, and delivering her to the pauper, was a conversion. *Adams* v. *Adams,* 13 *Pick.* 384; 1 *T. R.* 12; 10 *Johns. R.* 369.

The opinion of the Court, after advisement, was drawn up by

WESTON C. J. — The defendant having procured the writ to be instituted, under which he defends, cannot thereby justify himself, unless he had sufficient authority to cause the action to be brought. And we are well satisfied he had no such authority. It is no part of the duty, nor is it within the power of an overseer of the poor, to bring such an action. Besides, the writ could not be legally served, until the inhabitants of *Rome,* the plaintiffs, had given bond to prosecute their action, which was not done. The two overseers, who signed the bond, had no power thus to bind the town.

The writ, unlawfully sued out by the defendant, and irregularly served by his procurement, could afford him no protection. It appears to have been mere color, to aid the defendant in his fraudulent purpose of depriving the plaintiff of his property. The action was dropped, and the plaintiff was made to acquiesce in what was done, to pay the costs, and to give up his property, by the false representations of the defendant. Upon this developement, it would be a reproach to the law, to suffer the defendant to shield himself under an abuse of its process.

*Exceptions overruled.*